# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39737 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Austin J. MAURER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 2 August 2022

————————————

*Military Judge:* Wesley A. Braun; Andrew R. Norton (remand); Dayle P. Percle (remand).

*Sentence:* Sentence adjudged on 7 May 2019 by GCM convened at Moody Air Force Base, Georgia. Sentence entered by military judge on 3 June 2019 and reentered on 18 February 2020, 15 June 2021, and 12 July 2022: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

*For Appellant:* Lieutenant Colonel Rebecca J. Otey, USAF; Major Jenna M. Arroyo, USAF; Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Jessica L. Delaney, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful possession of cocaine with intent to distribute; one specification of wrongful distribution of cocaine on divers occasions; one specification of wrongful distribution of 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions; one specification of wrongful use of cocaine on divers occasions; and one specification of wrongful use of MDMA on divers occasions, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The PTA had no effect on the sentence the convening authority could approve.

This case is before this court a fourth time. Appellant initially submitted his case on its merits with no specific assignments of error. However, on 24 January 2020, this court remanded Appellant's case after identifying an error in the entry of judgment (EoJ), as it did not reference Appellant's request for deferment or the subsequent decision by the convening authority on Appellant's deferment request. *United States v. Maurer*, No. ACM 39737, 2020 CCA LEXIS 25, at *4 (A.F. Ct. Crim. App. 24 Jan. 2020) (order). After this case was remanded and returned for further review,[2] this court found error in the convening authority's failure to act on the adjudged sentence, and remanded Appellant's case a second time. *United States v. Maurer*, No. ACM 39737 (f rev), 2021 CCA LEXIS 252, at *7–8 (A.F. Ct. Crim. App. 21 May 2021) (unpub. op.). In regard to the convening authority's failure to take action on Appellant's sentence, we find that the new decision on action, dated 14 June 2021, corrects that error.

Upon return of the record of trial to our court, Appellant raised one assignment of error. Appellant asserted that the convening authority failed to comply with a material term of the PTA. Specifically, Appellant contended that the corrected EoJ, dated 15 June 2021, did not reflect that Charge I and its Specification were dismissed *with prejudice* as required by the PTA. On 21 June 2022, we agreed with Appellant and remanded this case a third time. *United States v. Maurer*, No. ACM 39737 (f rev), 2022 CCA LEXIS 371, at *5–6 (A.F. Ct. Crim. App. 21 Jun. 2021) (unpub. op.). We find that the most recent EoJ, dated 12 July 2022, corrects the error in the previous entry of judgment and

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant again submitted his case before this court on its merits with no specific assignments of error.

complies with all terms in the PTA. On 19 July 2022, Appellant again submitted his case before this court on its merits with no specific assignments of error.

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d), *Manual for Courts-Martial, United States* (2019 ed.).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court